(10 Misc. Rep. 55.)

In re WHEELER.

(Supreme Court, Special Term, Kings County. October 31, 1894.)

ELECTIONS AND VOTERS—BALLOTS.

Under Laws 1892, c. 680, § 56, providing that nominations made by a primary or convention, or by a committee appointed thereby, shall be known as "party nominations," a local party which indorses the nominees of any party for state officers is entitled to have the nominations of such state nominees printed on ballots with the names of its local nominees.

The petitioner was nominated for county treasurer of Richmond county by the county convention of that faction of the Democrats of Richmond county calling itself the "Democratic Party" in Richmond county. The convention indorsed the nominees of the Democratic state convention. This faction has heretofore supported the state Democratic ticket, but refused to support nominations by the regular local organization. The county clerk refused to print the state ticket on the ballot of this faction, and the application was for a mandamus to compel him to do so.

J. D. Van Hoevenberg, for petitioner.

Howard R. Bayne, for John Murphy, nominee for congress.

R. H. L. Finch, for opposing parties.

GAYNOR, J. Section 56 of the election law[1] provides that nominations made by a primary or convention, or by a committee ap-

[1] Laws 1892, c. 680.

pointed thereby, shall be known as "party nominations." The nominations in the case before the court fall within this definition. They were made by a county convention composed of delegates duly elected at primaries.    The law applies to all organized parties, and it puts a mere local and isolated party on the same footing as a state party and its local branches, sections, or connections.    It is indisputable that in the case of local party nominations, when the certificate is filed with the county clerk, it is his duty, in the making up of complete ballots, to use such local party nominations as a basis for a complete ballot, and to put them on a ballot with other party nominations, state and local, of the same political kind.    This follows from the bare requirement that he provide the ballots for the polling places.    Section 86.    In other words, he must put a local party's nominees on a ballot with the nominees of the state party to which such local party adheres in fact and in good faith, and, therefore, belongs; and he must in the same way associate on the same ballot all kindred party nominations through the various grades, from state down to town.    In this way, from state party nominations down to town party nominations, a ballot is made up of kindred party nominations.    What sets of nominations are akin, or whether a particular party's nominations are akin to any other party nominations, is in every case a question of fact.    Such questions of fact are to be determined by the county clerk, subject to review by this court.    Taking any particular party nominations, state or local, as a basis for a ballot, no great difficulty will be encountered as a rule in making up the complete ballot.    It seems to me that section 82 contemplates the foregoing construction, for it provides that there shall be as many different ballots as there are different parties represented by filed certificates of nomination; and this means ballots as complete as they can be made by the alliance of kindred nominations, and not skeleton ballots for every party, state or local.    The local party now before the court adheres to Democratic party teachings and principles, supports the state Democratic party and its nominations, and is of that party, though not in harmony with all local parties in harmony therewith; and it is therefore entitled to have its nominations associated on a ballot with the nominations of that party.    It is also entitled to have the nominations of local parties through all grades which are in harmony with it on such ballot.    Let the writ of mandamus issue.